United States District Court

For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZYNGA GAME NETWORK, INC., | No. C-09-3263 CW (EMC) |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT THIRD PARTY DISCOVERY** |
| DANNY BLING, | |
| Defendant. | **(Docket No. 7)** |
| _____ | |

Plaintiff has filed a motion for leave to conduct third party discovery "in order to identify, locate and serve Defendant with process pursuant to Federal Rule of Civil Procedure 4." Mot. at 2. Plaintiff has cited authority establishing that such discovery is permissible, *see Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573 (N.D. Cal. 1999), and has further provided a factual basis for its belief that four third parties -- namely, Name.com LLC; Google Inc.; Plimus Corporation, Inc.; and Network Operations Center Inc. -- are reasonably likely to have information that could lead to identifying information about Defendant. *See* Docket No. 13 (Varas Decl. ¶¶ 2-6). Accordingly, the Court hereby **GRANTS** Plaintiff's motion.

The Court, however, finds that the specific discovery currently sought from the third parties is overbroad. At this juncture, the Court is permitting discovery so that Plaintiff may obtain identifying information about Defendant that would make service of process possible. Some of the discovery sought by Plaintiff goes beyond this limited purpose, reaching substantive issues. The Court acknowledges that the third parties may well have information that is relevant to the merits of this litigation. But, in fairness to Defendant, discovery on the merits should not begin until after he

has been served with process since Defendant may well wish to challenge the scope of the discovery sought on the merits. The Court therefore orders as follows.

Plaintiff is hereby authorized to issue subpoenas to the following third party entities in order to obtain information that will allow Zynga to identify, locate, and serve Defendant in this matter: Name.com LLC; Google Inc.; Plimus Corporation, Inc.; and Network Operations Center Inc. Subpoenas issued pursuant to this order may require no more than the production of the following categories of documents[1]:

1. All current and historical name and contact information for Defendant.
2. All current and historical billing, payment, and account information for Defendant, including but not limited to any credit or debit card numbers, bank names and bank account numbers, PayPal account email addresses, and other details of all methods and mechanisms Defendant has used to pay for services offered by the subpoenaed company.
3. All server logs, login history, login IP addresses, and account transaction histories for any accounts owned, operated, controlled, or maintained by Defendant at any time.
4. Documents sufficient to identify all Internet domain names, websites, or email addresses for which Defendant purchased or used services offered by the subpoenaed company.

Plaintiff may serve subpoenas pursuant to this order without complying with the requirement of Federal Rule of Civil Procedure 45(b)(1) that it provide notice to Defendant prior to serving the subpoenas.

This Order disposes of Docket No. 7.

IT IS SO ORDERED.

Dated: September 18, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge

---

[1] This order does not preclude Plaintiff from seeking additional discovery from these third parties once discovery on the merits begins.

2