Larry W. McFarland (Bar No. 129668)
E-Mail: lmcfarland@kmwlaw.com
Dennis Wilson (Bar No. 155407)
E-Mail: dwilson@kmwlaw.com
David K. Caplan (Bar No. 181174)
E-Mail: dcaplan@kmwlaw.com
Christopher T. Varas (Bar No. 257080)
E-Mail: cvaras@kmwlaw.com
KEATS McFARLAND & WILSON LLP
9720 Wilshire Boulevard
Penthouse Suite
Beverly Hills, California 90212
Telephone: (310) 248-3830
Facsimile: (310) 860-0363

Attorneys for Plaintiff
ZYNGA GAME NETWORK INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ZYNGA GAME NETWORK INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>CHIRAG KENIA A/K/A DANNY BLING, an individual; and K-VALUEMART INDIA PVT. LTD., an Indian entity,<br><br>    Defendants. | **CASE NO. CV-09: 3263 CW (EMC)**<br><br>**FINAL JUDGMENT UPON CONSENT** |

Plaintiff Zynga Game Network Inc. ("Zynga"), having filed a Complaint in this action charging defendants Chirag Kenia a/k/a "Danny Bling" and K-Valuemart India Pvt. Ltd. (also known as "K-ValueMart Retail India Pvt. Ltd.") (collectively "Defendants"), with Federal Trademark Infringement pursuant to 15 U.S.C. § 1125(a), Federal Cybersquatting pursuant to 15 U.S.C. § 1125(d), Federal Computer Fraud and Abuse pursuant to 18 U.S.C. § 1030, California Unauthorized Computer Access pursuant to California Penal Code § 502, California Statutory Unfair Competition pursuant to California Business & Professions Code § 17200, California Common Law Trademark Infringement and Unfair Competition, Breach of Contract, Intentional Interference with Contractual Relations, and Trespass to Chattels, and Zynga and Defendant (Zynga and Defendants are hereinafter collectively referred to as the "Parties") desiring to settle the controversy between the Parties, it is

**ORDERED, ADJUDGED AND DECREED** as between the Parties hereto that:

1. This Court has jurisdiction over the Parties to this action and over the subject matter hereof pursuant to 15 U.S.C. §§ 1116, 1121 and 1125, and 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367(a). Service was properly made against Defendants.

2. Zynga owns the trademark and service mark ZYNGA (the "ZYNGA Mark") and has used the Zynga Mark in commerce since June 2007.

3. The ZYNGA Mark is inherently distinctive and by virtue of Zynga's extensive advertising and sales under the ZYNGA Mark, has become well-known within social gaming circles as a source identifier for Zynga's online games.

4. Zynga currently owns United States Federal Trademark Registration No. 3685749 for the ZYNGA Mark in International Class 009 for downloadable software for games and entertainment on wireless devices and computers, and International Class 041 for entertainment services, namely providing on-line computer games.

5. Zynga is the publisher of Zynga Poker, formerly known as Zynga's Texas Hold'em Poker (the "Game"), a computerized version of the world-famous poker game in which players compete with one another using virtual "chips."

6. Zynga's Terms of Service, which govern users' play of the Game, provide that the "chips" used in the Game are not redeemable for any sum of "real world" money or monetary value. The Terms of Service also prohibit sale of "chips" "for 'real world' money" and prohibit the use of the Game for unacceptable purposes, including activity in "conflict with the spirit or intent of" the Game.  Zynga has not authorized any third party to sell or distribute the "chips" used in the Game.

7. Defendants affirmatively assented to and are bound by the Terms of Service governing use of the Game, which are located at http://www.zynga.com/legal/terms_of_service.php.

8. Defendants have owned and operated websites through which they have unlawfully advertised, purchased, sold and offered to purchase and sell "chips" for use in the Game, and have wrongfully used the ZYNGA Mark to advertise and sell these unauthorized "chips".  Defendants have operated these websites from the following Internet domain names:  ZYNGA.US; ZYNGAPOKER.INFO; CHIPSSELLER.COM; DANNYBLING.COM; MYCHIPMAN.US; BUYFACEBOOKPOKERCHIPS.INFO; CHIPSPALACE.COM; FBCHIPZ.INFO.

9. Defendants registered the Internet domain names ZYNGA.US and ZYNGAPOKER.INFO with the bad faith intent to profit from the trademark ZYNGA.

10. Defendants' conduct violates Zynga's intellectual property, contractual, and other rights, and Defendants are jointly and severally liable for all of the Causes of Action alleged in Zynga's First Amended Complaint in this matter except for violation of 18 U.S.C. § 1030 and California Penal Code § 502.

11. Defendants' unlawful actions giving rise to Zynga's claims were undertaken willfully and maliciously, and the damages awarded to Zynga in Paragraph 16 below are damages for willful and malicious injury for purposes of 11 U.S.C. § 523(a)(6).

12. Defendants and their affiliates, agents, servants, employees, representatives, successors, assigns, and any person, corporation or other entity acting under Defendants' direction or control, or in active concert or participation with Defendants, are immediately and permanently enjoined throughout the world from:

a. Directly or indirectly using the ZYNGA trademark and any other mark, symbol, or logo that is a reproduction, counterfeit, copy, or colorable imitation of or that is confusingly similar to, or that is identical with, or substantially indistinguishable from, the ZYNGA mark on or in connection with any goods or services;

b. Infringing any of Zynga's intellectual property rights in any manner, including but not limited to the ZYNGA Mark, any copyrights owned by Zynga, or any other rights owned by Zynga related to the Game;

c. Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendants' customers and/or members of the public to believe that, the actions of Defendants are connected with Zynga, are sponsored, approved, or licensed by Zynga, or are in any way connected or affiliated with Zynga;

d. Affixing, applying, annexing, or using in connection with the manufacture, distribution, advertising, sale, and/or offering for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of, or authorized by, Zynga;

e. Registering any Internet domain name that includes the ZYNGA Mark, or any variations or misspellings thereof, whether alone or in combination with any other term(s) or character(s);

f. Accessing, directly or indirectly, any computer server or computer system owned, leased or operated by Zynga for any reason whatsoever, including without limitation any server or computer that provides access to the Game, or to any other game or application published by Zynga;

g. Advertising, purchasing, selling, trading, exchanging, profiting from, accepting or processing payments for, or facilitating or participating in any way in the advertisement, purchase, sale, trade, or exchange of "chips" for use in the Game or any virtual item used in any Zynga game or application;

1          h.      Participating in any way in the display of online "sponsored links" or any other form of pay-per-click or pay-per-impression advertising related to "chips" for use in the Game or any other virtual item used in any Zynga game or application, including but not limited to causing hyperlinks and other advertising materials to be displayed in response to searches for "zynga", or searches for any of Zynga's games or applications;

         i.      Otherwise competing unfairly with Zynga in any manner; and

         j.      Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a)-(j) above.

13.     To the extent the domain names identified in Paragraph 8 above have not already been transferred to Zynga, Defendants are hereby ordered to transfer ownership of each and every one of those domain names other than DANNYBLING.COM to Zynga within one week of the date of entry of this Judgment.  In the event Defendants have not transferred the domain names to Zynga within one week of the date of entry of this Judgment, Defendants shall be in contempt, and the registries and/or registrars through which the domain names are registered are ordered to undertake the steps necessary to effect the transfer the domain names to Zynga.

14.     Defendants' unlawful acts have damaged Zynga in the amount of Two Million United States Dollars (US$2,000,000).  Defendants are hereby ordered to pay to Zynga damages in the amount of Two Million United States Dollars (US$2,000,000).  Defendants are jointly and severally liable for these damages.

15.     Defendants are hereby ordered to pay Zynga's reasonable attorneys' fees and costs. Defendants are jointly and severally liable for this award.

16.     This Court retains jurisdiction, including without limitation personal jurisdiction over Defendants, for the purpose of making any further orders necessary or proper for the enforcement, construction or modification of the Settlement Agreement between Zynga and Defendants or this Judgment, and the punishment of any violations thereof.

17. This Judgment shall be deemed to have been served upon Defendants at the time of its execution by the Court.

18. The Court expressly determines that there is no just reason for delay in entering this Judgment, and pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs entry of judgment against Defendants as specified herein.

Dated: **November 3, 2010**

_____
Honorable Claudia Wilken
United States District Judge

Presented by:

LARRY W. McFARLAND
DENNIS L. WILSON
DAVID K. CAPLAN
CHRISTOPHER T. VARAS
KEATS McFARLAND & WILSON LLP
9720 Wilshire Blvd.
Penthouse Suite
Beverly Hills, CA 90212
(310) 248-3830


_____
Christopher T. Varas
Attorneys for Plaintiff
Zynga Game Network Inc.

## CONSENTS

The undersigned hereby consents to the entry of Final Judgment Upon Consent.

Dated _____, 2010         _____
                                             Justin K. Strassburg, of
                                             STRASSBURG, GILMORE & WEI LLP
                                             Attorneys for Defendants
                                             Chirag Kenia and K-ValueMart Retail India Pvt. Ltd.